ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| SONIA HERNÁNDEZ VILLANUEVA<br>Peticionario<br><br>v.<br><br>DEPARTAMENTO DE LA FAMILIA REPRESENTADA POR SU SECRETARIA, HON. CIENI RODRÍGUEZ TROCHE Y OTROS<br>Recurrido | KLCE202500541 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.<br>AG2024CV00930<br><br>Sobre:<br>Acoso Laboral |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de junio de 2025.

Comparece ante nos la Sra. Sonia J. Hernández Villanueva (señora Hernández Villanueva y/o peticionaria) por medio de un recurso de *Certiorari*, y nos solicita que revoquemos la *Resolución* emitida el 21 de abril de 2025, notificada el mismo día, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (foro primario y/o TPI). En esta, el TPI declaró No Ha Lugar una solicitud de relevo de sentencia interpuesta por la peticionaria.

Por los fundamentos que exponemos a continuación, expedimos el auto *Certiorari* y confirmamos la *Resolución* recurrida.

**I.**

Según surge del expediente ante nos, el 3 de junio de 2024, la peticionaria instó una *Demanda* sobre hostigamiento laboral contra el Estado Libre Asociado de Puerto Rico (ELA), el Departamento de Justicia, el Departamento de la Familia, la Sra. Zoé Quiñones Muñiz y la Sra. Nanette Laguer junto a sus respectivas sociedades legal de gananciales (parte recurrida).[1]

---

[1] Entrada 1 SUMAC.

Expuso que, sufrió acoso en su área de trabajo en el Programa de Servicios de Adultos y Adultos Incapacitados del Departamento de la Familia, por los funcionarios y supervisores de mayor jerarquía. Asimismo, sostuvo que el acoso que recibió en su entorno laboral causó efectos nocivos contra su salud y familia. De igual forma, señaló que todo lo anterior ha resultado en daños psicológicos y físicos. Así, pues, peticionó que se emitiera una orden de cese contra las acciones de hostigamiento laboral y una indemnización de ciento cincuenta mil ($150,000.00) por concepto de daños y perjuicios.

En reacción, el 23 de octubre de 2024, la parte recurrida, sin someterse a la jurisdicción del tribunal, presentó una *Solicitud de Desestimación* al amparo de la Regla 10.2 (1) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 (1).[2] Ello, por entender que, el foro primario carecía de jurisdicción debido a que la peticionaria no había agotado los remedios administrativos pendientes en la agencia recurrida. Además, planteó que la señora Hernández Villanueva no cumplió con la notificación al Estado requerida por la Ley de Pleitos Contra el Estado. En el mismo día, la parte recurrida presentó una *Moción Informando Anejo Omitido en Comparecencia Especial y Solicitud de Desestimación.*[3] En esta, incluyó como anejo una carta emitida el 16 de octubre de 2023, por el Departamento de la Familia, acreditando que la investigación del caso de la peticionaria aún no ha culminado.

Luego de varios incidentes procesales innecesarios pormenorizar, el 29 de noviembre de 2024, la peticionaria presentó su *Moción en Oposición a la Solicitud de Desestimación.*[4] Alegó que, constituye una violación a sus derechos el seguir agotando los remedios administrativos debido al daño irreparable que ha sufrido

---

[2] *Íd.*, Entrada 30.
[3] *Íd.*, Entrada 31.
[4] *Íd.*, Entrada 38.

en la esfera administrativa. De igual forma, dispuso que, por todo lo anterior, el foro primario tiene jurisdicción para atender la presente controversia. Por tal razón, solicitó que se declarara no ha lugar la *Moción de Desestimación.*

En atención al planteamiento de las partes, el TPI declaró Ha Lugar el petitorio dispositivo y, en su consecuencia, el 9 de enero de 2025, notificada el 15 del mismo mes y año, emitió *Sentencia* y ordenó la desestimación de la demanda instada.[5] Ante ello, el foro primario destacó lo requerido en la Ley para Prohibir y Prevenir el Acoso Laboral en Puerto Rico, Ley Núm. 90-2020, 29 LPRA sec. 3111 *ss,* y lo resuelto por el Tribunal Supremo en *Reyes Berríos v. Estado Libre Asociado de Puerto Rico,* 213 DPR 1093 (2024). De esta forma, determinó que, la peticionaria no agotó los remedios administrativos requeridos previo a la presentación de la acción civil. Toda vez que, la peticionaria no acreditó haber acudido ante el Negociado de Métodos Alternos para la Solución de Conflictos de la Rama Judicial previo a la presentación de la Demanda, conforme a lo dispuesto en el Art. 10 de la Ley Núm. 90-2020.[6]

Inconforme, el 5 de febrero de 2025, la peticionaria presentó una *Moción de Reconsideración.*[7] En esta, peticionó que se dejara sin efecto la *Sentencia* dictada y que decretara la continuación de los procedimientos. En atención a ello, el 5 de febrero de 2025, notificada el 6, el TPI mediante Orden declaró No Ha Lugar la antedicha *Moción.*[8] Luego, el 9 de abril de 2025, la peticionaria solicitó el relevo de la sentencia,[9] al amparo de la Regla 49.2 de las

---

[5] Índice del Recurso, identificación I.
[6] 29 LPRA § 3120.
[7] Entrada 44 de SUMAC. Incluyó como anejos los siguientes documentos: (i) Solicitud de revisión administrativa; (ii) Formulario de querella administrativa. Destacamos que la *Moción de Reconsideración* fue presentada fuera del término jurisdiccional dispuesto en la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47.
[8] *Íd.*, Entrada 45.
[9] *Íd.*, Entrada 46.

Reglas de Procedimiento Civil, *supra*, la cual fue denegada por el TPI el 21 de abril de 2025.[10]

Inconforme aún, la peticionaria acude ante nos y señala lo siguiente:

> Erró el Honorable Tribunal de Primera Instancia al archivar las causas de Acción de epígrafe, sobre Hostigamiento Laboral, Represalias y discrimen, declarando sin lugar la solicitud de relevo de sentencia instada a tono con mecanismo procesal de la Regla 49.2 de Procedimiento Civil.

Asimismo, en su recurso, tras consignar el derecho aplicable (al citar la Regla 49.2, *supra*, Regla 10.2, *supra*, Regla 6.1, *supra*, la Ley 90-2020, la Ley Núm. 38-2017, así como la jurisprudencia federal y local aplicable a las doctrinas de agotamiento de remedios administrativos y el debido proceso de ley, la peticionaria expuso sus alegaciones sobre el presunto hostigamiento laboral y acoso sufrido en su entorno laboral. Arguye que, no procede ventilar su caso en los foros administrativos debido a que el foro primario ostenta jurisdicción para atender su reclamo y que, por tanto, procede el relevo de sentencia ante la nulidad de esta.

En respuesta, el 2 de junio de 2025, la parte recurrida presentó su *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación*. Sostuvo que, el recurso de *Certiorari* presentado por la peticionaria no cumple con la Regla 34 (E) de este Tribunal. Además, que la *Moción de Relevo de Sentencia* no expone hechos concretos que justifique la concesión de dicho remedio. Justipreciada la solicitud de desestimación según presentada, la declaramos **No Ha Lugar**.

Superado lo antes y con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

A. **Expedición de la Petición de *Certiorari* Post Sentencia**

---

[10] *Íd.*, Entrada 47.

Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones, mediante auto de *certiorari. Torres González v. Zaragoza Meléndez*, 211 DPR 821, 847 (2023). El recurso de *certiorari* es un auto procesal extraordinario, por el cual, un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1; *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* supra.

Las Reglas de Procedimiento Civil establecen que, el Tribunal de Apelaciones expedirá el recurso de *certiorari,* cuando el peticionario recurra de una resolución u orden sobre remedios provisionales, *injunctions* o de la denegatoria de mociones dispositivas. *Torres González v. Zaragoza Meléndez,* supra. En ese sentido, el auto de *certiorari* es limitado y excluye aquellas determinaciones interlocutorias que, pueden esperar hasta la determinación final del tribunal para formar parte de un recurso de apelación. *800 Ponce de León v. AIG*, 205 DPR 163 (2020). El delimitar la revisión, a instancias específicas, tiene como propósito evitar la dilación que causaría la revisión judicial de controversias, que, pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp.*, et al., 202 DPR 478, 486 (2019).[11]

Ahora bien, la Regla 52.1 de Procedimiento Civil de 2009, *supra,* establece excepciones que permiten la revisión de: (1) decisiones sobre admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) casos de relaciones de familia; (5)

---

[11] Citando a *Mun. de Caguas v. JRO Construction*, supra; *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 729 (2017) (cita depurada).

asuntos de interés público y (6) situaciones en la cuales esperar a la apelación constituye un fracaso irremediable a la justicia. *800 Ponce de León v. AIG*, supra; *Scotiabank v. ZAF Corp.*, et al., supra.

Como puede observarse, la Regla citada no contempla los dictámenes posteriores a la sentencia, por lo que, al determinar si procede la expedición de una petición de *certiorari*, el Tribunal de Apelaciones viene obligado a acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 213 DPR 314, 336 (2023); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 339 (2012). De imponerse las limitaciones de la Regla 52.1, *supra,* a la revisión de dictámenes post sentencia, tales determinaciones inevitablemente quedarían sin posibilidad alguna de revisión apelativa. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra*.* En tal sentido, es preciso enfatizar que, si bien el auto de *certiorari* es un mecanismo procesal discrecional, dicha discreción del foro revisor no debe hacer abstracción del resto del derecho. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019).

Cabe destacar que, el examen que hace este Tribunal, previo a expedir un *certiorari,* no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra.* Véase, además, *Mun. de Caguas v. JRO Construction,* supra. A fin de que, este Tribunal pueda ejercer su discreción de manera prudente, la Regla 40 del Reglamento de Apelaciones, *supra,* R. 40, establece los criterios que deberán ser considerados, al determinar si procede o no expedir un auto de *certiorari.*[12] Los referidos criterios establecidos en la citada Regla 40 son los siguientes:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[12] Véase, *Mun. de Caguas v. JRO Construction, supra,* pág. 712.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Como ya indicamos, los criterios antes transcritos, nos sirven de guía para poder determinar si procede o no intervenir en el caso, en la etapa del procedimiento en que este se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De esta manera, el foro apelativo deberá ejercer su facultad revisora, solamente en aquellos casos en que se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra.

**B. Relevo de Sentencia**

Es hartamente conocido que, en nuestro ordenamiento jurídico, los tribunales pueden discrecionalmente relevar a una parte de los efectos de una sentencia, orden o procedimientos por las razones definidas en la Regla 49.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2; *Pérez Ríos y otros v. Luma Energy, LLC,* 213 DPR 203, 215 (2023). Las razones que provee la referida Regla son las siguientes: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio; (c) fraude extrínseco o intrínseco, falsa representación u otra conducta impropia de la parte adversa; (d) nulidad de sentencia; (e) la sentencia fue satisfecha o renunciada; la sentencia anterior en la cual se fundaba fue revocada

o dejada sin efecto; no sería equitativo que la sentencia continúe en vigor; y (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. Regla 49.2 de las Reglas de Procedimiento Civil, *supra.*

El objetivo de la Regla 49.2, *supra,* es proveer un mecanismo post sentencia que impida que los fines de la justicia se vean frustrados mediante tecnicismos y sofisticaciones. *Pérez Ríos y otros v. Luma Energy, LLC,* supra. De ordinario, la determinación de relevar a una parte de los efectos de una sentencia depende de la discreción del foro sentenciador, salvo cuando se trate de un dictamen nulo -por haberse dictado sin jurisdicción o en violación al debido proceso de ley- o cuando la sentencia ha sido satisfecha. *Íd.*

Como se sabe, la persona que se ampara en la Regla 49.2 de las Reglas de Procedimiento Civil, *supra*, debe aducir al menos de una de las razones antes enumeradas. *HRS Erase v. CMT*, 205 DPR 689, 697 (2020). Asimismo, la existencia de una buena defensa, más algunas de las razones antes mencionadas, deben inclinar la balanza a favor de conceder el relevo. *García Colón et al. v. Sucn. González,* 178 DPR 527, 540-541 (2010). No obstante, el relevo no se puede conceder si le ocasiona perjuicio a la parte contraria o si se alegan cuestiones sustantivas que debieron ser formuladas mediante solicitud de reconsideración a una apelación. *Íd.*, pág. 541. Tampoco procede el relevo de sentencia a favor de un promovente que no haya sido diligente en la tramitación del caso. *Neptune Packaging Corp. v. Wackenhut Corp.,* 120 DPR 283, 292 (1988).

Respecto al término en el cual se debe presentar una moción de relevo, el texto de la Regla 49.2, *supra*, es categórico en cuanto a que la moción de relevo debe presentarse dentro de un término razonable "pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado

a cabo el procedimiento." Ahora bien, el Tribunal Supremo aclaró que, el referido plazo es inoperante ante una sentencia nula. *Pérez Ríos y otros v. Luma Energy, LLC,* supra. Cabe señalar que, una moción de relevo de sentencia no puede ser sustitutiva de los recursos de revisión o reconsideración. *Piazza Vélez v. Isla del Río, Inc.*, 158 DPR 440, 449 (2003).

### III.

En el presente caso, nos corresponde resolver si el TPI actuó correctamente al denegar la solicitud de relevo de sentencia que instó la peticionaria.

Según expuesto anteriormente, nuestro más Alto Foro ha dispuesto que el tribunal puede relevar a una parte de una sentencia en las siguientes circunstancias: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio; (c) fraude extrínseco o intrínseco, falsa representación u otra conducta impropia de la parte adversa; (d) nulidad de sentencia; (e) la sentencia fue satisfecha o renunciada; la sentencia anterior en la cual se fundaba fue revocada o dejada sin efecto; no sería equitativo que la sentencia continúe en vigor; y (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. Regla 49.2 de las Reglas de Procedimiento Civil, *supra*.

Es apreciación de esta Curia que, la petición de relevo de sentencia incoada por la peticionaria no cumple con ninguno de los requisitos anteriormente esbozados. Así, pues, la peticionaria basó su petición en que constituye un daño irreparable la forma y manejo por parte de los foros administrativos y, por tanto, su caso, constituye una excepción para ventilar la controversia fuera de estos. La peticionaria arguye que, lo anterior justifica la concesión de un remedio contra los efectos de la *Sentencia* emitida. Sin

embargo de una evaluación de la totalidad del expediente no identificamos que dicha parte haya presentado fundamentos suficientes, así como alguna prueba fehaciente, en aras de acreditar y cumplir los criterios que sostengan el relevo del dictamen, como cuestión de derecho. Nuestro más Alto Foro ha expuesto que una moción de relevo de sentencia no puede ser sustitutiva de los recursos de revisión o reconsideración. *Piazza Vélez v. Isla del Río, Inc.*, 158 DPR 440, 449 (2003).

Ante ello, resulta forzoso concluir que, el error señalado no fue cometido, por lo que, el foro primario no erró al ejercer su facultad discrecional. Además, colegimos que la decisión recurrida es razonable y, por tanto, no debemos intervenir con ella. Asimismo, no hallamos indicio alguno de pasión, prejuicio, parcialidad o error craso y manifiesto en la resolución impugnada.

**IV.**

Por los fundamentos esbozados, expedimos el auto de *Certiorari* y confirmamos el dictamen recurrido.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones